## No. 10,158.

### PEOPLE v. CORBETT, ET AL.

Decided October 2, 1922.

Error by the people to review a judgment of acquittal in a criminal case.

### *Reversed.*

1.   PRIZE FIGHTING—*Statute Construed—Instructions.*   Chapter 123, S. L. 1899, concerning prize fighting and sparring exhibitions, construed.   Instructions of the court in a prosecution under the statute, reviewed and held erroneous.

*Error to the District Court of the City and County of Denver, Hon. Warren A. Haggott, Judge.*

Mr. VICTOR E. KEYES, attorney general, Mr. CHARLES R. CONLEE, assistant, Mr. PHILIP VAN CISE, district attorney, Mr. JAMES E. GARRIGUES, assistant, Mr. CARL CLINE, deputy, for the people.

No appearance for defendants in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

DEFENDANTS in error were informed against for aiding and abetting a "fight without weapons" and aiding and abetting a "fight commonly called a ring or prize fight." They were acquitted by a jury and the people bring the cause here for review under section 1997, R. S. 1908. The defendants having failed to appear in this court we have not the benefit of a brief in support of the judgment.

The Act under which this information was filed is chapter 123, L. 1899, p. 309 and is entitled, "An Act in Relation to Prize Fighting and Sparring Exhibitions." The material portion of it reads:

"A person who, within this state, engages in, instigates, aids, encourages or does any act to further a contention or fight without weapons, between two or more persons, or a fight commonly called a ring or prize fight,  *  *  *  or who engages in a public or private sparring exhibition, with or without gloves, within the state, to attend which an admission fee is charged or received,  *  *  *  is guilty of a misdemeanor; Provided, however, That sparring exhibitions with gloves of not less than five ounces each in weight may be held by a domestic incorporated athletic association in a building leased by it for athletic purposes only, for at least one year, or in a building owned and occupied by such association, upon the payment of a yearly license of not less than one thousand dollars ($1,000) into the treasury of the city or town wherein such association

has its building, or if such building be not situated within the limits of any incorporated town or city then such yearly license shall be paid into the treasury of the county wherein such building is situated.

The people requested an instruction that if the principals engaged in a "contention or fight without weapons" or a "fight commonly called a ring or prize fight" and defendants instigated, aided or encouraged the same they should be convicted. That request was refused.

Instruction No. 11 given by the court advised the jury that if the fight in question was such as is "commonly called a ring or prize fight" and defendants instigated, aided or encouraged the same they would not be guilty if the conditions enumerated in the foregoing proviso were present. Instruction No. 13 given by the court advised the jury that if the elements enumerated in said proviso were present the defendants must be found not guilty. To each of these instructions the people objected.

A distinction between a prize fight and a sparring exhibition is recognized in the title of this Act. The body of it takes cognizance of five transactions: 1. A contention or fight without weapons; 2. A fight commonly called a ring or prize fight; 3. A sparring exhibition under an admission charge and where the conditions of the proviso or some of them are lacking; 4. A free sparring exhibition; 5. A sparring exhibition under an admission charge and where all the conditions of the proviso are present. To engage in, instigate, aid, or encourage the first, second or third is by this statute made a misdemeanor, whereas a like participation in the fourth or fifth is no offense. The court's instructions numbered 11 and 13 failed to preserve this distinction and were erroneous. The instruction tendered by the people and refused by the court was correct.

The judgment is accordingly disapproved and reversed.